IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REYNA CASCINO, et al.,

Plaintiffs,

v.

COUNTY OF SHASTA, et al.,

Defendants.

No. 2:16-CV-1010-KJM-DMC

ORDER

Plaintiffs, who are proceeding pro se, bring this civil action. Pending before the court is plaintiffs' complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiffs, who are not prisoners, have been granted leave to proceed in forma pauperis, the court

will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

The Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

As discussed above, Rule 8 requires a complaint contain a short and plain statement of the claim. In this case, plaintiffs' complaint consists of over 480 numbered paragraphs over 129 pages alleging what appear to be claims related to removal of minor children from plaintiffs' custody. As such, the pleading fails to satisfy the requirement of Rule 8(a) that claims must be stated simply, concisely, and directly. To the contrary, plaintiff's complaint would require the court to comb through plaintiffs' numerous and unorganized allegations in order to determine whether plaintiffs have stated any claims upon which relief can be granted. The court is unwilling to do this in part due to limited judicial resources but also because it is for plaintiffs – not the court – to formulate their claims in a way that satisfies the rules.

The complaint will be dismissed with leave to amend. Plaintiffs are cautioned that failure to file an amended complaint within the time provided may result in dismissal of the action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.

///

///

///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' complaint (Doc. 1) is dismissed with leave to amend; and
2. Plaintiffs shall file a first amended complaint within 30 days of the date of this order.

Dated: October 24, 2018

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE